———— FILED ———— ENTERED
———— LODGED ———— RECEIVED

**NOV 24 2021**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ————————————— DEPUTY

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL ANGEL HURTADO,

Defendant.

NO. CR21-161RSL

**PLEA AGREEMENT**

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Vincent T. Lombardi, Assistant United States Attorney for said District, Defendant MICHAEL ANGEL HURTADO and Defendant's attorney, Peter Mazzone, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1.    **The Charge(s)**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charge(s) contained in the Indictment: *Possession of Controlled Substances with Intent to Distribute*, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense**. The elements of the offense of *Possession of Controlled Substances with Intent to Distribute,* as charged in Count 1, to which Defendant is pleading guilty are as follows:

*First*, Defendant knowingly possessed controlled substances, specifically N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), heroin and methamphetamine; and

*Second*, Defendant possessed said controlled substances with the intent to distribute them to another person.

3.    **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of *Possession of Controlled Substances with Intent to Distribute,* as charged in Count 1 to which Defendant is pleading guilty are as follows: A maximum term of imprisonment of up to life, with a mandatory minimum term of imprisonment of ten (10) years, a fine of up to $10 million dollars, a period of supervision following release from prison of at least five (5) years, and a mandatory special assessment of $100 dollars.

**Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offenses charged in Count 1, the United States must prove beyond a reasonable doubt that the offense charged in this count involved 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl). Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the offense charged in Count 1 involved more than 400 grams or more of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl).

Plea Agreement - 2
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.      **Immigration Consequences**.  Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status *if* Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

      a.    The right to plead not guilty and to persist in a plea of not guilty;

      b.    The right to a speedy and public trial before a jury of Defendant's peers;

      c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

      e.    The right to confront and cross-examine witnesses against Defendant at trial;

      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

      h.    The right to appeal a finding of guilt or any pretrial rulings.

6.    **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further

Plea Agreement - 4
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.      **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.      **Statement of Facts**.  The parties agree on the following facts.  Defendant admits Defendant is guilty of the charged offense(s):

Defendant MICHAEL ANGEL HURTADO admits that in the spring of 2021, he was engaged in selling controlled substances, including pills he knew contained N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (hereafter "fentanyl"), heroin and methamphetamine.  Defendant obtained said controlled substances from others and in turn resold the drugs to other dealers and/or users for profit.  Unbeknownst to Defendant, one of his drug customers was a confidential source (CS) working for law enforcement.

Plea Agreement - 5
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    On May 4, 2021, investigators obtained a valid search warrant for Defendant's
2  person and for a hotel room in Everett, Washington, within this District, that was being
3  used by Defendant at the time.  In preparation for the execution of that search warrant,
4  investigators set up surveillance on that hotel later that same day.  Investigators saw
5  Defendant leave the hotel carrying a gray backpack around 6 pm that day.  Defendant
6  was watched as he placed the backpack into the trunk of a sedan, which he then got into
7  and drove away.

8    Investigators maintained surveillance on Defendant as he drove away, and
9  followed him to a nearby parking lot, also in Everett, Washington.  Investigators watched
10  as Defendant got out of the sedan and walked into a nearby store.

11    Shortly thereafter investigators contacted Defendant and placed him into custody.
12  During a search of his person, investigators recovered more than $12,000 in U.S.
13  currency, approximately 2.9 grams of methamphetamine, a glass pipe, and two cell
14  phones, one of which was previously known to investigators from the controlled buys
15  conducted with Defendant.  Defendant admits that the currency was proceeds of past
16  sales of controlled substances, and that it was intended in part to facilitate his ongoing
17  drug possession and sales activity.

18    Investigators advised Defendant of his *Miranda* rights, and Defendant agreed to
19  answer their questions.  Defendant admitted that he was on his way to purchase
20  approximately 5,000 pills he knew contained fentanyl for $9,500.  He also told
21  investigators that they would find fentanyl pills and a firearm inside a backpack in the
22  sedan he had been driving.

23    Defendant gave investigators consent to search the sedan he had been driving.
24  During the search, investigators found the grey backpack they had previously seen
25  Defendant carrying earlier that afternoon.  Inside the backpack was approximately 811.7
26  gross grams of pills stamped with an "M" and "30."  Defendant admits he knew these
27  pills contained fentanyl, and that they posed a risk of lethal overdose to users.

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The backpack also contained approximately 147.7 gross grams of heroin and approximately 13.5 gross grams of methamphetamine.  Defendant admits that he possessed the fentanyl pills, heroin and methamphetamine for distribution to others.

Also found in the same backpack was a Taurus .38 special caliber revolver that was loaded with one round of ammunition; drug packaging with residue; drug ledgers documenting past drug sales and debts; and scales.  Defendant admits he possessed all of these items in connection with his drug trafficking activities.

Investigators executed the search warrant on Defendant's hotel (which Defendant admitted he was renting) later that same day.  During that search, investigators recovered a single fentanyl "M30" pill, a very small amount of heroin, a digital scale, more drug ledgers, and a holster for a handgun.  Again, Defendant admits to possessing these items in connection with his drug trafficking activity.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.   **Sentencing Factors**.  The parties agree that the following United States Sentencing Guidelines (USSG) provisions apply to this case:

a.   A Base Offense Level of 30 pursuant to USSG § 2D1.1(c)(5), because Defendant possessed the equivalent of 2,209.5 kilograms of converted drug weight with the intent to distribute it to others.[1]

b.   A 2-level increase for possession of a dangerous weapon (the Taurus revolver), pursuant to USSG § 2D1.1(b)(1);

---

[1] This is calculated as follows:  811.7 grams of fentanyl = 2,029 kilograms of converted drug weight; 147.7 grams of heroin = 147.7 kilograms of converted drug weight; and 16.4 grams of a mixture or substance containing methamphetamine = 32.8 kilograms of converted drug weight.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      A 3-level decrease *if* Defendant fully accepts responsibility, pursuant to paragraph 10 below.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10.      **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.      **Forfeiture of Assets**.  Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case.  Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property that constitutes proceeds of his commission of Possession of Controlled Substances with Intent to Distribute, as charged in Count One of the Indictment, as well as any property that facilitated that offense.  All such property is forfeitable pursuant to Title 21, United States Code, Section 853.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

Plea Agreement - 8
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to

2   file a claim to any of this property in any federal forfeiture proceeding, administrative or

3   judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture

4   proceeding that may be or has been initiated.  Defendant also agrees he will not assist any

5   party who may file a claim to this property in any federal forfeiture proceeding.

6          The United States reserves its right to proceed against any remaining property not

7   identified in this Plea Agreement, including any property in which Defendant has any

8   interest or control, if that property constitutes or is traceable to proceeds of his

9   commission of Possession of Controlled Substances with Intent to Distribute.

10         12.    **Abandonment of Firearms and Contraband**.  Defendant also agrees that,

11  if any federal law enforcement agency seized any firearms, firearm accessories,

12  ammunition, or illegal contraband that was in Defendant's direct or indirect control,

13  Defendant consents to the federal administrative disposition, official use, and/or

14  destruction of that property.

15         13.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

16  the United States Attorney's Office for the Western District of Washington agrees not to

17  prosecute Defendant for any additional offenses known to it as of the time of this Plea

18  Agreement based upon evidence in its possession at this time, and that arise out of the

19  conduct giving rise to this investigation. In this regard, Defendant recognizes the United

20  States has agreed not to prosecute all of the criminal charges the evidence establishes

21  were committed by Defendant solely because of the promises made by Defendant in this

22  Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

23  Presentence Report, the United States Attorney's Office will provide the United States

24  Probation Office with evidence of all conduct committed by Defendant.

25         Defendant agrees that any charges to be dismissed before or at the time of

26  sentencing were substantially justified in light of the evidence available to the United

27  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

28

Plea Agreement - 9
*United States v. Hurtado*, CR21-161RSL

1   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119
2   (1997).

3         14.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if
4   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
5   Agreement and Defendant may be prosecuted for all offenses for which the United States
6   has evidence.  Defendant agrees not to oppose any steps taken by the United States to
7   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
8   Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,
9   Defendant has waived any objection to the re-institution of any charges that previously
10  were dismissed or any additional charges that had not been prosecuted.

11        Defendant further understands that if, after the date of this Plea Agreement,
12  Defendant should engage in illegal conduct, or conduct that violates any conditions of
13  release or the conditions of confinement (examples of which include, but are not limited
14  to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while
15  pending sentencing, and false statements to law enforcement agents, the Pretrial Services
16  Officer, Probation Officer, or Court), the United States is free under this Plea Agreement
17  to file additional charges against Defendant or to seek a sentence that takes such conduct
18  into consideration by requesting the Court to apply additional adjustments or
19  enhancements in its Sentencing Guidelines calculations in order to increase the applicable
20  advisory Guidelines range, and/or by seeking an upward departure or variance from the
21  calculated advisory Guidelines range.  Under these circumstances, the United States is
22  free to seek such adjustments, enhancements, departures, and/or variances even if
23  otherwise precluded by the terms of the Plea Agreement.

24        15.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**
25  Defendant acknowledges that, by entering the guilty plea(s) required by this Plea
26  Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any
27  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the
28  judgment of conviction.  Defendant further agrees that, provided the Court imposes a

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  custodial sentence that is within or below the Sentencing Guidelines range (or the

2  statutory mandatory minimum, if greater than the Guidelines range) as determined by the

3  Court at the time of sentencing, Defendant waives to the full extent of the law:

4          a.      Any right conferred by Title 18, United States Code, Section 3742,

5  to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

6  restitution order, probation or supervised release conditions, or forfeiture order (if

7  applicable); and

8          b.      Any right to bring a collateral attack against the conviction and

9  sentence, including any restitution order imposed, except as it may relate to the

10 effectiveness of legal representation.

11       This waiver does not preclude Defendant from bringing an appropriate motion

12 pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or

13 the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

14       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

15 attacking (except as to effectiveness of legal representation) the conviction or sentence in

16 any way, the United States may prosecute Defendant for any counts, including those with

17 mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

18 Agreement.

19       16.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

20 this Plea Agreement freely and voluntarily, and that no threats or promises were made to

21 induce Defendant to enter a plea of guilty other than the promises contained in this Plea

22 Agreement or set forth on the record at the change of plea hearing in this matter.

23       17.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted

24 by the Court for any reason, or Defendant breaches any of the terms of this Plea

25 Agreement, the statute of limitations shall be deemed to have been tolled from the date of

26 the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

27 Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

28

Plea Agreement - 11
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

18.    **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 24th day of November, 2021.


MICHAEL ANGEL HURTADO
Defendant


PETER MAZZONE
Attorney for Defendant


VINCENT T. LOMBARDI
Assistant United States Attorney

Plea Agreement - 12
*United States v. Hurtado*, CR21-161RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970